CHASEZ, Judge
(dissenting).
I cannot agree with the desicion reached by the majority in this case.
Suit was filed on July 19, 1968 alleging that defendant-appellant, Frank S. Bruno, owed plaintiff-appellee, Bryer Insurance Agency, Inc., certain amounts which represent the balance due on an open account. An answer in the form of a general denial with no special or affirmative defense of any kind made was filed on September 10, 1968 by defendant’s attorney who listed his then current office address on that pleading pursuant to LSA-C.C.P. art. 863. Almost immediately thereafter, on September 12, 1968, plaintiff filed a motion to place the case on the call docket and on January 26, 1970 notice of trial was mailed to both counsel of record. The case was fixed for trial on February 16, 1970 where it was listed fifth on the docket.
When the case was called for trial on February 16, 1970, counsel for defendant moved for a continuance on two grounds:
1) That he received notice of the trial only twenty minutes prior to the time the trial began; and
2) That the defendant, Frank S. Bruno, who is an attorney, was to represent a client in a case scheduled for the same day in a different division of the Civil District Court.
The majority has stated that the trial court abused its discretion in refusing defendant’s request for a continuance made on the basis that defendant’s attorney allegedly failed to receive notice through the mail of the date the matter had been set for trial. It is the holding of the majority that an attorney must receive such notice by mail because Rule 10, section 6 of the Rules of the Civil District Court for the Parish of Orleans, providing for notice by publication, does not meet the minimum requirements of due process and is therefore unconstitutional. I find this position untenable.
LSA-C.C.P. art. 1572 provides that there is no necessity for the clerk to give an attorney written notice of the date of trial unless “a written request therefor is filed in the record or is made by registered mail by a party or counsel of record.” No such request was made by counsel in this instance.
Nevertheless, despite the fact that there was no duty imposed upon the court to notify counsel by mail of the date of trial, the court did send such notification to both counsel three weeks prior to the date of trial. However, defendant’s attorney states in the record that he changed office addresses subsequent to filing his answer and suggests that perhaps the notice was *670 mailed to Mr. Bruno’s office, thereby resulting in his failure to receive it. It appears that at the time suit was filed, the attorney of record worked in Mr. Bruno’s office, but, by the time the case was called for trial, the attorney was no longer associated with Mr. Bruno. In fact, he stated that he had left Mr. Bruno’s office in December, 1969, prior to the date notice of trial was issued.
If the notice were sent to the former address, it can only be attributed to the failure of defendant’s attorney to notify the court of his change of location. LSA-C. C.P. art. 863 provides in part as follows:
“Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual •name, whose address shall be stated. * * * ” (Emphasis added)
The reason an attorney is required by the Code of Civil Procedure to place his address on pleadings is to facilitate the court and opposing counsel in locating him on matters relative to the pending litigation. Not having so notified the court, he is estopped to allege ignorance of the status of his law suit. Moreover, it is precisely his failure to provide the court with his new office address which makes notice by publication the most expeditious method through which he can be informed of the date of trial. Under the circumstances, I am convinced that the trial court did all within its power to inform defendant of the date of trial.
Furthermore, if Mr. Bruno intended that only a member of his office represent him in this matter, he should have asked counsel to withdraw as attorney of record upon his leaving. Not having done so, I think it only logical for the court and opposing counsel to conclude that counsel of record and not Mr. Bruno, or another member of Mr. Bruno’s office, was the person to inform when the case was set for trial. Nevertheless, from oral argument before this court, I am of the opinion that Mr. Bruno knew prior to the date of trial that his case was set for February 16, 1970. This being the case, Mr. Bruno should have contacted his counsel himself in order to determine the status of matters.
The second reason the majority feels that the trial judge abused his discretion in disallowing a continuance is that Mr. Bruno had a case in which he was counsel of record scheduled for trial that same morning before another division of the same court. However, the majority overlooks the fact that the record establishes that the trial judge in refusing the request stated “The Court has contacted Judge Levy and knows that Judge Levy will wait on the defendant to try his case there.” Under the circumstances, there was no reason to fear that Mr. Bruno’s case before Judge Levy would be prejudiced in any way by his trying the present matter first.
The fact of the matter is that defendant should have known, had he exercised due diligence, that the case was to be tried on February 16, 1970. Whether his case was first or fifth on the docket was immaterial. All cases scheduled on that day should have been ready for trial. If counsel chose not to be ready, on the chance that the cases ahead of him would not be settled or continued, he did so at his own risk. Neither is it of material concern in this matter why the prior scheduled cases did not go to trial but defendant’s case did. Counsel should have been prepared.
After the continuance was refused, the case was heard on its merits. The plaintiff had Mr. Bryer testify as to the amount due on the open account. Neither Mr. Bruno nor his counsel (who were present in court) cross-examined Mr. Bryer. No defense was presented on behalf of defendant and he was cast in judgment in the amount of $1,022.73 with legal interest and costs. His appeal attacked the propriety of the refusal to grant a continuance only and did not discuss the amount of the award nor any defense which he might wish to make should the case be remanded.
Considering all of the circumstances, I am of the opinion that all action taken by *671 the district court was taken, in conformity with law and the Rules of the Civil District Court. If counsel did not receive the notice of trial, it was because of his own laches in not informing the court that he had moved from Mr. Bruno’s office. All cases set for trial, with the names of counsel who are to try them, are posted on the bulletin board of the Division in which they are to be heard. The Court Rule states that “no other notice of such assignment shall be required.” This procedure and policy have been in existence for a great number of years in the City of New Orleans and have been accepted by the members of the Bar. Certainly it is not incumbent upon the Court to conduct an investigation in order to be aware of the current mailing address of all the lawyers practicing law before it.
Considering all the circumstances in this matter, I am of the opinion that the action of the judge in not granting a continuance is not, and should not be, considered an abuse of discretion. The judgment rendered by the Court a quo should stand.
I respectfully dissent.
Rehearing denied.
CHASEZ, J., is of the opinion the rehearing should be granted.